UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DISVISION

| | |
|---|---|
| THOMAS ALBERT FENNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-0199-WTL-DKL |
| | ) |
| QUALITY CORRECTIONAL CARE, | ) |
| GREG EWING, VIGO COUNTY | ) |
| COMMISSIONERS, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Amended Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied** as presented. The plaintiff shall have **through July 11, 2016,** in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a certificate of his inmate trust account (or institutional equivalent) during the 6-month period preceding the filing of the complaint on June 3, 2016.

**II. Screening Requirement**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), a pre-trial detainee at the Vigo County Jail, the complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must

provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any

citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)).

The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a *prima facie* case under 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992). In the complaint, the plaintiff alleges the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by removing the blankets and mattress from his cell two times a day while he was on suicide watch. The plaintiff seeks money damages from the defendants, in their individual and official capacities, and injunctive relief.

### a. Quality Correctional Care:

The complaint alleges the plaintiff was subjected to punishment on a daily basis due to the policies of the Quality Correctional Care and the Vigo County Jail. Liberally construed, these allegations do not raise a right to relief above the speculative level. As such, Quality Correctional Care is **dismissed as a defendant for failure to state a claim**.

### b. Greg Ewing:

According to the complaint, Greg Ewing is the Vigo County Sheriff. He is named as a defendant presumably because of his role as Sheriff. Section 1983 creates a cause of action for damages based on personal liability, and a person cannot be held liable for damages under § 1983 unless the individual was personally involved or participated in the alleged constitutional deprivation. *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004) (stating that an "official satisfies

the personal responsibility requirement of § 1983 if he acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights"). The doctrine of respondeat superior, under which a supervisor may be held liable for an employee's actions, does not apply to § 1983 actions, and thus to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right. *Sanville v. McCaughtry,* 266 F.2d 724, 740 (7th Cir. 2001). "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009).

The plaintiff does not allege that defendant Ewing had any direct personal involvement in or knowledge of the events he complaints of, and thus his theory of recovery against defendant Ewing is based on respondeat superior. Accordingly, the claims against defendant Ewing are **dismissed for failure to state a claim**.

**c. Vigo County Commissioners:**

The claim against the Vigo County Commissioners is **dismissed** as legally insufficient because it is the Sheriff who is responsible for the care of prisoners within a jail, and a county does not control or direct the manner in which that responsibility is met. *Estate of Drayton v. Nelson,* 53 F.3d 165, 167 (7th Cir. 1994) ("Marion County has no authority over the Sheriff and his deputies . . . ."); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 357 n.2 (Ind. Ct. App. 1994) ("the sheriff is not a representative of the county but he holds a separate office created by the Indiana Constitution.").

**d. Eighth Amendment Claim:**

The Eighth Amendment protects prisoners against the infliction of cruel and unusual punishment by the government, and the government "violates the amendment when it 'so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to

provide for his basic human needs' including food and medical care." *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). Although prison "conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment," prisoners are entitled to "the minimal civilized measure of life's necessities." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The minimal civilized measure of life's necessities includes adequate shelter and protection from extreme cold. *Id*. at 642, 644. The United States Supreme Court has noted:

> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.

*Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

Here, there are no allegations that the removal of a mattress and a blanket twice a day, while on suicide watch, without more, deprives the plaintiff of a minimal civilized measure of life's necessities. Accordingly, the Eighth Amendment claim is **dismissed for failure to state a claim.**

### III.  Further Proceedings

The plaintiff shall have **through July 11, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

**IT IS SO ORDERED.**

Date: 6/10/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas Albert Fennell
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807